UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> PLAINTIFF, <br><br> v. <br><br> FLOYD'S EQUIPMENT, INC. <br><br> DEFENDANT. | ) ) ) ) ) ) ) ) ) ) )     No. 1:17-cv-00175-SNLJ |

## CONSENT DECREE

### I.   Recitals.

1.   Plaintiff Equal Employment Opportunity Commission filed a four-count Complaint under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, alleging that Defendant Floyd's Equipment, Inc. discriminated against Mr. Rodney Woodall because of his race and retaliated against him after he opposed this discrimination by transferring him to a less desirable work site and job assignment without his consent, and then terminating his employment. Doc. # 1.

2.   Floyd's denied (Doc. # 20) and continues to deny all allegations in the Complaint.

3.   The Commission and Floyd's, having negotiated in good faith and with a desire to resolve the instant controversy without the further expense, delay, and burden of litigation, have jointly proposed this Consent Decree.

1

## *II.  Findings.*

4.  Having carefully examined the terms and provisions of this Decree and based on the pleadings, record, and stipulations of the parties, this Court finds:

   a. **Jurisdiction**. This Court has jurisdiction over the Parties and the subject matter of this action.

   b. **Fairness**. The terms of this Decree are a fair and equitable settlement of the lawsuit. Additionally, the requirements of Title VII will be carried out and the public interest served by entry and enforcement of this Decree.

   c. **Scope**. This Decree is intended to and does resolve all matters in controversy in this lawsuit between the Parties.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT**

## *III.  General Provisions.*

5.  **Applicability**. The terms of this Decree shall be binding upon Floyd's directors, members, officers, managers, agents, employees, successors, and assigns.

6.  **Duration**. This Decree will be in effect for a period of three (3) years.

7.  **Continued Jurisdiction**. During the Decree's term this Court shall retain jurisdiction of this case for purposes of its enforcement.

### IV. *Equitable Relief.*

**A. Non-discrimination.**

8. In all matters arising from or relating to employment, Floyd's shall not engage in any employment practice which unlawfully discriminates against an employee or an applicant based on race in violation of Title VII, nor shall Floyd's retaliate against anyone who opposes discrimination or participates in the equal employment opportunity process.

**B. Policies.**

9. Within sixty (60) days of entry of this Decree, Floyd's will draft and implement written company anti-discrimination policies that, at a minimum, do the following:

   a. Prohibit discrimination based on race in hiring, firing, promotion, demotion, work assignments, pay, and any other term or condition of employment.

   b. Prohibit harassment or a hostile work environment based on race including the use of use of racial slurs, jokes, and epithets.

   c. Prohibit retaliation against any employee or applicant who opposes any practice that may be unlawful under Title VII, including making a complaint pursuant to Floyd's policy, filing a charge with the Commission or other government entity, giving testimony or assistance, or participating in any investigation, proceeding or hearing under Title VII.

   d. Establish formal written procedures by which applicants or employees may complain about or oppose discrimination, harassment, or retaliation;

3

  e. Provide immediate notification to Floyd's owner/President of any complaint or claim of discrimination, harassment, or retaliation by an employee or applicant, and require the owner/President to meet with the person about whom the complaint is made to reiterate the Company's non-discrimination and non-retaliation policies, memorializing that meeting in writing; and maintaining a copy of this documentation for at least three (3) years, including a copy in the personnel file of the person who is the subject of the complaint.

  f. Establish formal written procedures regarding how complaints will be investigated, including mandatory written findings, and maintenance of all records for period of not less than three (3) years; and

  g. State clearly that Floyd's will impose discipline, up to and including termination, upon any employee who fails to adhere to the anti-discrimination/retaliation policies.

10. Within seventy-five (75) days of entry of this Decree, Floyd's shall distribute to all employees copies of its new policies described in paragraph 9 and make these policies available to employees in electronic or hard copy form on a continuing basis. A copy of these policies shall be distributed to all new employees when hired.

11. Within ninety (90) days of completion of the requirements in paragraphs 9-10, Floyd's will mail signed certification of compliance with those paragraphs, including copies of the new policies to the person listed in ¶ 19 of this order.

### C. Training.

12. Within ninety (90) days of entry of this Decree and annually during the term of this Decree, Floyd's shall provide at least two (2) hours of in-person training to the owner, managers, supervisors, and crew leaders, with at least 30 minutes of each training session devoted to prevention of race discrimination and racial harassment, and at least thirty (30) minutes about prevention of retaliation.

13. Crew leaders will conduct quarterly jobsite "toolbox talks" with employees regarding the company's antidiscrimination policies and the process for reporting discrimination to Floyd's and the EEOC.

14. Within one hundred twenty (120) days of entry of this Decree and then thirty (30) days after each subsequent (annual, a total of three) training session, Floyd's will mail signed certification of compliance with all training requirements in paragraphs 12-13 and the list of employees receiving the training (name and date of training), to the person listed in ¶ 19 of this order.

### D. Notices.

15. Floyd's shall immediately post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. §1601.30.

16. Within thirty (30) days of the entry of this Decree, Floyd's President, Floyd Ferrell, shall sign the Notice attached as <u>Exhibit A</u> to this Decree, and Floyd's shall post copies of the signed Notice in three (3) locations at its Sikeston, Missouri facility accessible to all employees and job applicants and distribute a copy of the Notice to all employees either by including a copy with the employee paystubs or handing it to employees.

17. Within thirty (30) days of the Notices being posted and distributed to employees, Floyd's will mail signed certification of compliance with both "Notice" requirements, including identification of the posting locations, to the person listed in ¶ 19 of this order.

### E. Reporting and Monitoring.

18. On March 1 and September 1 of each year of this Decree, Floyd's will submit to the Commission, as provided in ¶ 19 below, a list of each complaint of discrimination, harassment or retaliation which Floyd's received in the past six (6) months, including the complainant's name, job title, self-identified race, and current employment status and reason for departure if no longer employed; the name, job title, race, current employment status, and reason for departure if no longer employed of the individual(s) about whom the complaint was made, the date of the complaint; a description of complaint allegations; a description of the manner in which the complaint was investigated; and a description of the action(s) taken by Floyd's in response to the complaint.

19. All certifications, notices, reports and other materials required to be submitted to the Commission under this Decree shall be emailed to: EEOC-SLDO-decree-monitoring@eeoc.gov and mailed to Andrea G. Baran, Regional Attorney; U.S. Equal Employment Opportunity Commission, St. Louis District Office; 1222 Spruce Street, Room 8.100; St. Louis, MO 63103 (or her successor).

### V. *Relief with Respect to Woodall.*

20. <u>Equitable Relief</u>. Within twenty-one (21) days of the entry of this Decree, Floyd's shall:

    a. Permanently reclassify Woodall's separation from Floyd's as a "voluntary resignation."

6

    b.    Permanently segregate into a confidential file and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order or subpoena) all documents related to Woodall's complaint of discrimination, his involuntary termination, his EEOC Charge, and his involvement in this lawsuit, and shall maintain such confidential file, except that Floyd's may issue any press release and make any public statements necessary to present its view regarding the lawsuit's claims and settlement, subject to ¶ 20(a).

    c.    Provide Woodall, through the Commission's Regional Attorney in the St. Louis District Office (see ¶ 19) the letter attached at Exhibit B (signed).

21.    <u>Monetary Relief</u>. Floyd's shall pay Woodall Twenty-five Thousand Dollars ($25,000.00), as follows:

    a.    Of that total amount, Eighteen Thousand Dollars ($18,000.00) shall be considered alleged lost wages. This amount shall be reflected on an IRS Form W-2 produced by Floyd's. Floyd's shall be responsible for paying its share of the payroll taxes on this amount including all FICA and FUTA taxes, and, in accordance with Woodall's most recent IRS Form W-4 on file with Floyd's, withhold applicable payroll taxes owed by Woodall.

    b.    The remaining Seven Thousand Dollars ($7,000.00) is for alleged non-wage damages. This amount shall be reflected on an IRS Form 1099 produced by Floyd's.

    c.    In the event of non-payment, the Monetary Relief agreed to herein is a debt owed to and collectible by the EEOC or its proxy, notwithstanding that Woodall is the ultimate beneficiary of the Monetary Relief.

22. Each party will bear its own costs and attorneys' fees.

FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

BY: *Andrea D Baran*
ANDREA G. BARAN, MO46520
Regional Attorney

C. FELIX MILLER, MO28309
Supervisory Trial Attorney

JENNIFER L. ARENDES, MO46638
Senior Trial Attorney
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7916

GRANT R. DOTY, MO60788
Senior Trial Attorney
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7918

Emails:
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
jennifer.arendes@eeoc.gov
grant.doty@eeoc.gov

FOR DEFENDANT FLOYD'S
EQUIPMENT, INC.

BY: /s/ Floyd Ferrell (separate/next page)
FLOYD FERRELL
Owner

*Tom K. O'Loughlin II*
TOM K. O'LOUGHLIN II, MO24611
O'LOUGHLIN, O'LOUGHLIN, &
KOETTING, LC
1736 N. Kingshighway
Cape Girardeau, MO 63701

Phone: 573/334-9104
Email: tomo@oloughlinlawfirm.com

**SO ORDERED**

*[signature]*
Stephen N. Limbaugh, Jr.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2018

8

Exhibit A - Notice of Lawsuit and Consent Decree

# NOTICE TO ALL FLOYD'S EQUIPMENT, INC. EMPLOYEES

**Federal law states that your employer, including a supervisor, manager or coworker, cannot treat you differently on the basis of your:**

**race
national origin, ethnicity, color
religion
sex
disability
or
age (forty and over)**

Floyd's Equipment, Inc. (Floyd's) supports and will obey all Federal laws and will not take any action against employees because they have complained of discrimination or filed a charge with the EEOC.

Floyd's does not tolerate discrimination by or against any employee or job applicant.

Floyd's also does not tolerate retaliation against any employee or job applicant because that individual reports, protests or opposes any employment practice which he/she believes to be unlawful under federal or state law.

Job applicants and employees may report discrimination, harassment and/or retaliation to any supervisor or other management employee at Floyd's and/or to the Equal Employment Opportunity Commission, (314) 539-7800, 1222 Spruce Street, Room 8.100, St. Louis, MO 63103, Attn: Regional Attorney. For more information about unlawful discrimination, harassment or retaliation and how to file a report with the EEOC go to www.eeoc.gov.

_____
Floyd Ferrell, President

Date: _____, 2018

Exhibit B – Letter of Reference for Mr. Woodall

To Whom It May Concern:

Mr. Rodney Woodall was employed by Floyd's Equipment, Inc. as an equipment operator from April to August 2015 and during July 2016.

He resigned from Floyd's Equipment in July 2016.

_____

Date: _____